UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| PETER MEDVED, individually and on behalf of all others similarly situated, | § § § § | Docket No. _____ |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| RUBICON OILFIELD INTERNATIONAL HOLDINGS, LLC and TERCEL OILFIELD PRODUCTS USA, LLC | § § § § § § | CLASS/COLLECTIVE ACTION |
| Defendants. | § § | PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Peter Medved ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Rubicon Oilfield International Holdings, LLC ("Rubicon") and Tercel Oilfield Products USA, LLC ("Tercel") (together, "Defendants") under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Wage Acts") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. In May 2016, Rubicon acquired Tercel. Plaintiff worked for Defendants as a Frac Plug Technician/Field Service Technician during the relevant time period.

3. Plaintiff and the other workers like them regularly worked for Defendants in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40)

hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Ohio Wage Acts, and PMWA, Defendants improperly classified Plaintiff and those similarly situated workers as exempt employees and paid them a salary plus a job bonus with no overtime compensation.

6. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

10. Plaintiff worked for Defendant in this District and Division.

11. Plaintiff resides in this District and Division.

12. Defendants conduct substantial business operations in this District and Division, including maintaining a corporate office in in this District and Division located at 120 South Campus Drive, Imperial, Pennsylvania 15126.

## III. THE PARTIES

13. Plaintiff worked for Defendants as a Frac Plug Technician / Field Service Technician from approximately February 2018 until May 2018.

14. Plaintiff worked for Defendants in Pennsylvania and Ohio.

15. Throughout his employment with Defendants, Plaintiff was classified as an exempt

employee and paid a salary and a job bonus with no overtime compensation.

16. Plaintiff's consent to be a party plaintiff is attached as <u>Exhibit A</u>.

17. Plaintiff brings this action on behalf of himself and all other similarly situated workers who were classified as field service technicians and paid a salary and a job bonus with no overtime compensation. Defendants paid each of these workers a salary and a job bonus for each day worked on location and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA, Ohio Wage Acts, and PMWA.

18. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER FIELD SERVICE TECHNICIANS THAT WORKED FOR RUBICON OILFIELD INTERNATIONAL HOLDINGS, LLC AND/OR TERCEL OILFIELD PRODUCTS USA, LLC, WHO WERE PAID A SALARY AND A JOB BONUS DURING THE LAST THREE (3) YEARS.** ("Putative Class Members").

19. Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA, as follows:

> **ALL CURRENT AND FORMER FIELD SERVICE TECHNICIANS THAT WORKED FOR RUBICON OILFIELD INTERNATIONAL HOLDINGS, LLC AND/OR TERCEL OILFIELD PRODUCTS USA, LLC, IN PENNSYLVANIA WHO WERE PAID A SALARY AND A JOB BONUS DURING THE LAST THREE (3) YEARS.** ("Pennsylvania Class").

20. Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the Ohio Wage Acts, as follows:

> **ALL CURRENT AND FORMER FIELD SERVICE TECHNICIANS THAT WORKED FOR RUBICON OILFIELD INTERNATIONAL HOLDINGS, LLC AND/OR TERCEL OILFIELD PRODUCTS USA, LLC, IN OHIO WHO WERE PAID A SALARY AND A JOB BONUS DURING THE LAST THREE (3) YEARS.** ("Ohio Class").

21. Defendant **Rubicon Oilfield International Holdings, LLC,** is a Delaware limited liability corporation doing business throughout the United States, including in Pennsylvania and Ohio. Defendant may be served by serving its registered agent for service of process, **The Corporation Trust Company**, at the **Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**, or wherever it may be found.

22. Defendant **Tercel Oilfield Products USA, LLC,** is a Texas limited liability corporation doing business throughout the United States, including in Pennsylvania and Ohio. Defendant may be served by serving its registered agent for service of process, **Universal Registered Agents, Inc.**, at the **412 South Morgan Street, Granbury, Texas 76048**, or wherever it may be found.

## IV. COVERAGE UNDER THE FLSA

23. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Defendants have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### V. FACTS

27. Rubicon is an oil and gas service provider operating throughout the United States and internationally, including in Pennsylvania and Ohio.

28. In May 2016, Rubicon acquired Tercel, an oilfield products company specializing in drilling and completions technologies.

29. To provide services to their clients, Defendants employ oilfield personnel, including Frac Plug Technicians / Field Service Technicians.

30. Many of the individuals who worked for Defendants, were paid a salary and job bonus, misclassified as exempt employees, and make up the proposed Putative Classes. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees were paid a salary and job bonus for each day worked in the field, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

31. For example, Plaintiff worked for Defendants as a Frac Plug Technicians / Field Service Technicians during the relevant time period (in Ohio and Pennsylvania). Throughout his employment with Defendants, he was classified as an exempt employee and paid a salary plus a job bonus with no overtime compensation.

32. As a Frac Plug Technician / Field Service Technician, Plaintiff regularly worked more than 40 hours each week without receiving overtime compensation. On average, Plaintiff estimates he worked approximately 84 hours each week.

33. As a Frac Plug Technician / Field Service Technician, Plaintiff (and all other Frac Plug Technicians or Field Service Technicians) performed non-exempt job duties including rigging up, maintaining, operating, and rigging down oilfield equipment in order to place "frac plugs" into the well.

34. The job functions of Plaintiff and the Putative Class Members were primarily manual labor or technical in nature, requiring little to no official training, much less a college education or other advanced degree.

35. Plaintiff and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

36. Plaintiff and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

37. The work Plaintiff performed was an essential and integral part of Defendants' core business.

38. No advanced degree is required to become a Frac Plug Technician / Field Service Technician. In fact, Defendants regularly hired Frac Plug Technicians / Field Service Technicians who only have a high-school diploma (or less).

39. Being a Frac Plug Technician / Field Service Technician does not require specialized academic training as a standard prerequisite.

40. For example, Plaintiff does not have any advanced degree.

41. Plaintiff and the Putative Class Members did not have any supervisory or management duties.

42. To the extent the Frac Plug Technicians / Field Service Technicians make "decisions," such decisions do not require the exercise of independent discretion and judgment.

43. Instead, the Frac Plug Technicians / Field Service Technicians apply well-established techniques and procedures and use established standards to evaluate any issues.

44. Frac Plug Technicians / Field Service Technicians do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

45. Frac Plug Technicians / Field Service Technicians are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

46. Frac Plug Technicians / Field Service Technicians are blue collar workers who rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

47. With these job duties, the Frac Plug Technicians / Field Service Technicians are clearly non-exempt employees under the FLSA, Ohio Wage Laws, and PMWA.

48. Defendants do not pay their Frac Plug Technicians / Field Service Technicians overtime for hours worked in excess of 40 in a single workweek.

49. Instead, Defendants pay these workers a base salary plus a daily job bonus for days worked in the field. This job bonus is not overtime pay, but rather a lump sum payment that must be included in the Frac Plug Technicians / Field Service Technicians' regular rates of pay.

50. Plaintiff and the Frac Plug Technicians / Field Service Technicians worked for Defendants in the past three years throughout the United States, including in Pennsylvania and Ohio.

51. As a result of Defendants' pay policies, Plaintiff and the Frac Plug Technicians / Field Service Technicians were denied the overtime pay required by federal, Ohio, and Pennsylvania law, because these workers are, for all purposes, employees performing non-exempt job duties.

52. Defendants keep accurate records of the hours, or at least the days, its Frac Plug Technicians / Field Service Technicians work.

53. Defendants also keep accurate records of the amount of pay its Frac Plug Technicians / Field Service Technicians receive.

54. Because Plaintiff (and Defendants' other Frac Plug Technicians / Field Service Technicians) were misclassified as exempt employees by Defendants, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI. FLSA Violations

55. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

56. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

57. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. PMWA Violations

58. Plaintiff brings this claim under the PMWA as a Rule 23 class action.

59. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

60. At all relevant times, Defendants were subject to the requirements of the PMWA.

61. At all relevant times, Defendants employed Plaintiff and each class member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

62. The PMWA requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

63. Defendants have and have had a policy and practice of misclassifying Plaintiff and the Putative Class Members as exempt employees and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

64. Plaintiff and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

65. Plaintiff and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the PMWA.

## VIII. OHIO WAGE ACT VIOLATIONS

66. Plaintiff brings this claim under the Ohio Wage Act as a Rule 23 class action.

67. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

68. At all relevant times, Defendants were and are subject to the requirements of the Ohio Wage Act.

69. At all relevant times, Defendants employed Plaintiff and each Class Member with Ohio state law claims as an "employee" within the meaning of the Ohio Wage Act.

70. The Ohio Wage Act requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Ohio Class are entitled to overtime pay under the Ohio Wage Acts.

71. Defendant had a policy and practice of misclassifying Plaintiff and each member of the Ohio class as exempt employees and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

72. Plaintiff and each member of the Ohio Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

73. Plaintiff and each member of the Ohio Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the Ohio Wage Act.

### IX. CLASS AND COLLECTIVE ACTION ALLEGATIONS

74. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the Putative Class Members.

75. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, the Ohio Wage Acts and PMWA.

76. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

77. Based on his experiences and tenure with Defendants, Plaintiff is aware that Defendants' illegal practices were imposed on the Putative Class Members.

78. The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

79. Defendants' failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

80. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

81. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

82. Plaintiff has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

83. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

84. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and applicable state labor laws.

85. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

86. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

87. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA, the Ohio Wage Acts and PMWA;

    b. Whether the Putative Class Members were improperly misclassified as exempt employees;

11

       c.      Whether Defendants' decision to classify the Putative Class Members as exempt employees was made in good faith;

       d.      Whether Defendants' decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

       e.      Whether Defendants' violation of the FLSA, the Ohio Wage Acts and PMWA was willful; and

       f.      Whether Defendants' illegal pay practices were applied uniformly across the nation to all Putative Class Members.

88.    Plaintiff's claims are typical of the claims of the Putative Class Members. Plaintiff and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policy.

89.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

90.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## X.    JURY DEMAND

91.    Plaintiff demands a trial by jury.

## XI.    RELIEF SOUGHT

92.    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

       a.      An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Joshua P. Geist*
    Joshua P. Geist
    PA. I.D. No. 85745
    **GOODRICH & GEIST, P.C.**
    3634 California Ave.
    Pittsburgh, PA 15212
    Tel: (412) 766-1455
    Fax: (412)766-0300
    josh@goodrichandgeist.com

**AND**

*/s/ Michael A. Josephson*
Michael A. Josephson
PA. I.D. No. 308410
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**